CA 06 54 L

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: NEWPORT CREAMERY, INC.: BK No: 01- 13196
CHAPTER 7

Andrew Richardson, Trustee
Plaintiff

Vs. A.P. No. 02-1025

John T. Sheehan, Jr., Executor of the
Estate of John O'Brien,
James T. Connell and
Rhumbline Partners, LLC
Defendants

**MOTION FOR LEAVE TO APPEAL INTERLOCUTORY JUDGMENT/ORDER OF JANUARY 6, 2006**

Now comes Defendant, Rhumbline Partners, LLC ( hereinafter" Defendant") and hereby, pursuant F.R.B.P. Rules 8001 and 8003 moves this Honorable Court for leave to appeal under to 28 U.S.C. §158(a). Defendant bases its Motion upon the attached Memorandum.

WHEREFORE, based upon the instant Motion and the attached Memorandum, Defendant, Rhumbline Partners, LLC, respectfully requests that its Motion for Leave to Appeal be granted, along with any further relief that this Court deems meet and just under the circumstances.

RHUMBLINE PARTNERS, LLC
By its Attorney,

/s Kevin D. Heitke
Kevin D. Heitke - #4293
1452 Broncos Hwy., Ste. 203
P.O. Box 556

Harrisville, RI 02830-055
401.567.0219
401.567.0799 FAX
DATED: January 16, 2006

## *NOTICE*

Within ten (10) days after service as evidenced by the certification twenty (20) days to the extent that the objection relates to a claim of a U.S. Government Agency), and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006, if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate responsible to this paper with the Bankruptcy Court Clerk's Office, 6th Floor, Providence, RI 02903, (401) 528-4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2006, I electronically filed Defendant's Motion for Leave to Appeal with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: United States Trustee, John Boyajian, Esq. and I hereby certify that I have mailed by United States Postal Service, postage pre-paid the document electronically filed with the Court to the following non CM/ECF participants: None.

/s/ Kevin D. Heitke

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE: NEWPORT CREAMERY, INC.:** **BK No: 01- 13196**
**CHAPTER 7**

| | | |
|---|---|---|
| **Andrew Richardson, Trustee** | : | |
| **Plaintiff** | : | |
| **Vs.** | : | |
| | : | **A.P. No. 02-1025** |
| **John T. Sheehan, Jr., Executor of the Estate of John O'Brien, James T. Connell and Rhumbline Partners, LLC** | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER**

1. ***Statement of Facts.***

After seeking additional time beyond the original date to propound discovery and to file the Joint Pre-trial Order, Plaintiff, Andrew Richardson, Trustee, propounded additional discovery upon Defendant, Rhumbline Partners, LLC. Plaintiff's Request for Admissions and Genuineness of Documents were hand-delivered to Defendant's counsel on October 31, 2005. Plaintiff received Defendant's responses thereto on December 7, 2005, seven days outside the response date. Many of the requests were admitted, but there were some matters that were either denied or outside the purview of Defendant to either admit or deny.

Even though Defendant's responses had been served upon Plaintiff by December 7, 2005, Defendant filed a Motion to Extend the Time to Respond to

Request for Admissions and Genuineness of Documents on December 9, 2005, so as to permit the responses to be filed in time and not merely deemed admitted by statute/failure to timely respond. Plaintiff objected to Defendant's Motion, basing said objection upon the satisfaction of each response and the lack of due diligence in supplying an adequate, researched response. After hearing thereon, Judge Votolato denied Plaintiff's Motion to Extend and his Order thereon was entered on January 6, 2006. As such, all of the requests for Admissions and Genuineness of Documents were deemed admitted and genuine.

2. ***Statement of Questions and Relief Sought.***

Defendant seeks an interlocutory appeal of Judge Votolato's Order of January 6, 2006, denying Defendant, Rhumbline LLC's Motion to Extend Time to respond to Requests for Admission and Genuineness of Documents. The question presented is whether Judge Votolato erred in ruling upon the sufficiency of the responses, rather than upon the request for additional time (seven days), within which to so respond. Plaintiff had additional remedies (i.e. Motion to Compel further responses) to pursue if he believed that the responses were insufficient or unsatisfactory. The relief sought by Defendant is a reversal of Judge Votolato's decision to deny Defendant's additional time within which to respond to Plaintiff's discovery.

3. ***Statement of Reasons why Appeal should be granted.***

Under Rule 36 of the Federal Rules of Civil Procedure, each matter requested to be admitted or denied, is admitted unless, within 30 days after service of the

request, or within such shorter **or longer** time as the Court may allow. Rule 36(a) of the Federal Rules of Civil Procedure provides in pertinent part that:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing...

F.R.C.P. Rule 36(a).

So that denied matters are not deemed admitted due to their being tardy by seven (7) days, Defendant moved the Bankruptcy Court for an Order allowing that said responses be permitted to be answered by December 7, 2005. The Bankruptcy Court, by statute, has discretion to permit a longer period of time to respond to the discovery requests, including Requests for Admission and Genuineness of Documents. The purpose behind Plaintiff's original motion to extend the date for the filing of the Joint Pre-trial Order (JPTO) was to permit Plaintiff's filing of a Request for Admissions to narrow issues. That is, the more items that were admitted by Defendant, the fewer items that would need litigating at trial. The purpose was never to eliminate Defendant's right to deny certain matters, especially those of ultimate facts, like solvency or insolvency. The first prong of Rule 36(b) to withdraw or amend an admission is met by Defendant – the merits of the action will be subserved if the admission is permitted to stand. If the narrow issue remaining to be litigated in the Adversarial Proceeding on a fraudulent conveyance– namely, solvency – is deemed admitted, the merits of Defendant's defense is subserved. As to the second prong of the test, Defendant is more greatly prejudiced than Plaintiff by the denial of the Motion to Extend. Indeed, the record will reflect that Plaintiff's counsel stated that his client was not ultimately prejudiced by the Court's granting of

Defendant's Motion to Extend. That is, certain witness' testimony was not irretrievably lost if Plaintiff was required to prove certain points denied by Defendant.

4. ***Copy of Judgment Appealed.***

A true and accurate copy of the judgment appealed from, dated January 6, 2006, has been attached hereto as Exhibit "A" and is incorporated by reference as though fully set forth herein.

WHEREFORE, based upon the foregoing, Defendant, Rhumbline Partners, LLC respectfully requests that this Court grant its Motion for Leave to Appeal the Interlocutory Order in the within matter, dated January 6, 2006 (Document Number: 216-215), along with any all further relief that this Court deems meet and just under the circumstances.

Defendant
Rhumbline Partners, LLC
By its Attorney,

/s/ Kevin D. Heitke
Kevin D. Heitke - #4293
P.O. Box 556
1452 Broncos Hwy.
Harrisville, RI 02830-0556
(401) 567-0219
(401) 567-0799 FAX
DATED: January 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2006, I electronically filed Defendant's Memorandum of Law in Support of Motion for Leave to Appeal with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: United States Trustee, John Boyajian, Esq. and I hereby certify that I have mailed by United States Postal Service, postage pre-paid the document electronically filed with the Court to the following non CM/ECF participants: None.

/s/ Kevin D. Heitke